# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/<br>  Respondent,<br><br>vs.<br><br>AKOP KRBOYAN,<br><br>  Defendant/<br>  Petitioner. | No. CV-F-10-2016 OWW<br>(No. CR-F-02-5438 OWW)<br><br>MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On October 27, 2010, Petitioner Akop Krboyan, represented by Anthony P. Capozzi, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner moves to vacate his guilty plea and conviction of Counts Three through Nineteen of the Superseding Indictment charging him with mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2, on the ground of ineffective assistance of counsel because of counsel's alleged failure to

1

adequately advise Petitioner of the immigration consequences of his guilty plea and conviction.

The Court dismisses Petitioner's motion for lack of jurisdiction.

Petitioner was sentenced on September 7, 2006 to 11 months and 16 days in custody and 36 months of supervised release. Petitioner began his term of supervised release on November 16, 2006. On December 29, 2008, Petitioner moved to terminate supervised release. Petitioner's motion was granted by Order filed on February 4, 2009 and Petitioner's supervised release was terminated effective February 28, 2009. (Doc. 261).

Petitioner's Section 2255 motion is dismissed. Section 2255(a) provides:

> A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner must be "in custody" under the conviction or sentence under attack at the time his petition for writ of habeas corpus is filed. *Maleng v. Cook*, 490 U.S. 490, 491 (1989). Here, Petitioner has fully completed the sentence imposed on him by this Court. In order to invoke habeas review by a federal court, the petitioner must satisfy the jurisdictional "in

custody" requirement of Section 2255.  *See Matysek v. United States*, 339 F.2d 389 (9th Cir.1964), *cert. denied*, 381 U.S. 917 (1965); *Scanio v. United States*, 37 F.3d 858, 860 (2nd Cir.1994). In *Maleng v. Cook*, *supra*, the Supreme Court held that a petitioner does not remain "in custody" after the petitioner's sentence has been fully discharged merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which the petitioner may be convicted.  490 U.S. at 492.  "While we have very liberally construed the 'in custody' requirement for purposes of federal habeas ... [w]e have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."  *Id.*  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Id.*   As explained in *Abimbola v. United States*, 369 F.Supp.2d 249, 252 (E.D.N.Y.2005):

> Building on the Supreme Court's analysis, other courts have reasoned that the collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy the 'in custody' requirement of Sections 2254 and 2255, even when those consequences include detention by immigration authorities.  *See, e.g., Kandiel v. United States,* 964 F.2d 794, 796 (8th Cir.1992)('Because [petitioner's] sentence was fully expired by the time he filed his Section 2255 motion and the current deportation proceeds against him are merely a

>collateral consequence of his conviction, he is not 'in custody' for the purposes of Section 2255.'); *United States v. Esogbue,* 357 F.3d 532, 534 (5th Cir.2004)(finding that a petitioner did not satisfy the 'in custody' requirement of Section 2255 even though he was facing the collateral consequence of deportation); *Cuevas v. People,* 2007 WL 206985 (S.D.N.Y.2002)('A habeas petitioner who has completed his sentence and was the subject of an INS deportation order cannot attack his underlying state court criminal conviction in a federal habeas corpus proceeding because he was no longer in custody with respect to the expired state conviction.'); *Adegbuji v. United States*, 2003 WL 21961122 (S.D.N.Y.2003)(holding that petitioner's 'current INS incarceration is a collateral consequence of his convictions for the purposes of Section 2255' insufficient to satisfy the 'in custody' requirement of that statute.

In *United States v. Kwan*, 407 F.3d 1005 (9th Cir.2004), the Ninth Circuit stated that, although a petitioner who had served his full sentence and was no longer in custody was no longer eligible for any form of relief governed by the AEDPA, such a petitioner could seek relief via a petition for writ of *error coram nobis*. Here, however, Petitioner filed a motion for writ of *error coram nobis* on June 4, 2010. (Doc. 270). After a hearing, Petitioner's motion was denied from the bench on June 28, 2010.[1]

For the reasons stated:

1. Petitioner's motion to vacate, set aside or correct

---

[1] Counsel for Respondent was ordered to prepare an order consistent with the Court's oral statement of decision.  It does not appear that Counsel for Respondent has complied and is ordered to do so forthwith.

sentence pursuant to 28 U.S.C. § 2255 is DISMISSED FOR LACK OF JURISDICTION;

2. No Certificate of Appealability shall issue because jurists of reason would not find it debatable that this Court has jurisdiction to hear the motion; and

3. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   November 3, 2010                    /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE